[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON ISSUANCE OF ORDER TO SHOW CAUSE
The plaintiff Terry Richardson has filed this action against defendants John R. Williams and Rosemarie Paine, who are attorneys, and from the law firm which was a limited liability company with which they were associated. The plaintiff claims that the defendants breached a contract to properly represent him in a habeas corpus action, and also that they committed legal malpractice. He seeks money damages.
The defendants have filed an appearance and discovery has commenced. The defendants have not filed a responsive pleading.
The plaintiff has now filed an Application for Prejudgment Remedy. He asks that an order to show cause issue summoning the defendants to a hearing on a date that would be set by the clerk. The court directs that the clerk not issue the order to show cause at this time because of the CT Page 5992 failure of the plaintiff to comply with the appropriate statutory requirements.
Conn. Gen. Stat. Sec. 52-278b states that "no prejudgment remedy shall be available to a person in any action at law or equity . . . unless he has complied with the provisions of sections 52-278a to 52-278g. . . ." Conn. Gen. Stat. Sec. 52-278c requires that any person desiring to secure a prejudgment remedy shall submit the following documents: "(2) [a]n affidavit . . . setting forth a statement of facts sufficient to show that there is probable cause that a judgment . . . will be rendered in the matter in favor of the plaintiff." [emphasis supplied]. The plaintiff has filed with his papers an affidavit containing no facts whatsoever, only the conclusory language of the statute itself. The court is mindful that when an application for prejudgment remedy is filed after the institution of the action the forms and procedures of Chapter 903a shall be adapted accordingly. That does not include the abandonment of the requirement that the moving party file a sworn statement of facts sufficient to support a determination of probable cause.
Accordingly the court declines to allow the issuance of an order to show cause in the instant application for prejudgment remedy. The plaintiff's papers shall remain on file.
Patty Jenkins Pittman, J.